**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4255**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TERRELL B. HILL, a/k/a Twin,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:11-cr-00362-FDW-DSC-1)

Submitted:  September 24, 2013      Decided:  September 26, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell B. Hill pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine base (Count 1). He was sentenced to 240 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether district court had jurisdiction to accept Hill's guilty plea and enter judgment against him; (2) whether Hill's guilty plea was knowingly and voluntarily entered; and (3) whether the Government breached Hill's plea agreement by failing to recommend a sentence in the ten-to fifteen-year range after filing its motion under U.S. Sentencing Guidelines Manual § 5K1.1 (2012).[1] For the reasons that follow, we affirm.

Hill's jurisdictional argument asks whether the district court had a factual basis to accept his plea. We review this issue for an abuse of discretion. United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).[2] The parties

_____

[1] Despite notice Hill did not file a pro se supplemental brief.

[2] A court "may conclude that a factual basis exists from anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

stipulated to a factual basis for the crime as detailed in the presentence report. Moreover, the parties stipulated in the plea agreement to joint recommendations under Fed. R. Crim. P. 11(c)(1)(B) to the amount of drugs foreseeable to Hill, and to a two-level enhancement for Hill's possession of a firearm. Thus, we find no abuse of discretion in the district court's finding of a factual basis for the plea.

Next, we find that Hill knowingly and voluntarily pled guilty. Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that a defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116. Because Hill did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, our review is only for plain

error, United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002), and we find none.

Finally, Hill argues that the Government breached the plea agreement because it did not recommend a sentence between ten and fifteen years in its § 5K1.1 motion for a downward departure. Because Hill did not preserve this issue in the district court, we review the claim for plain error. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). Here, the Government did not agree to recommend a sentence in the ten- to fifteen-year range in the plea agreement or otherwise. Thus, this claim fails. Moreover, we note that Hill was the beneficiary of the Government's § 5K1.1 motion, which reduced his sentencing range from 360 months to life to 235-293 months. Moreover, the record reveals that the court expressly considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, listened to the sentencing arguments from the parties, and heard from Hill himself.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hill's conviction and sentence. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED